Chief Judge Fuld
(dissenting in part). I believe that the view taken by the court is altogether too mechanistic and overly technical. Whether or not the village is entitled to ‘ ‘ intervene ” as a party in a further hearing before the Authority under sections 54 and 64 of the Alcoholic Beverage Control Law, I am persuaded that it does have the right to challenge the Authority’s determination under section 123. Implicit in both the village’s petition and the decisions of the courts below is recognition of the fact that the record before the Authority was incomplete. A remission for the purpose of presenting evidence at a new hearing before that agency, therefore, should be accorded the village. Accordingly, I would modify the determination of the Appellate Division to the extent of remitting the proceeding to the State Liquor Authority for a hearing to permit the village to introduce evidence that the Authority’s grant of a license to the respondent fails to promote “public convenience and advantage ”, (Alcoholic Beverage Control Law, § 2; see, also, Matter of Forman v. New York State Liq. Auth., 17 N Y 2d 224, 229.)
Judges Burke, Bbeitel, Jasen, Gabbielli, Jones and Wachtler concur in memorandum; Chief Judge Fuld dissents in part and votes to modify in a separate opinion.
Order reversed, without costs, and matter remitted to Appellate Division for further proceedings in accordance with memorandum herein.